```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/10
```

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

---

KARTHIKEYAN V. VEERA,

                 Plaintiff,

- against -

AMBAC FINANCIAL GROUP, INC., et al.,

                 Defendants.

Civil Action No. 10-cv-4191 (HB)

---

## STIPULATION AND [PROPOSED] ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for Plaintiff and counsel for Defendants in the above-captioned action, that the following Stipulation and [Proposed] Order Governing the Production and Exchange of Confidential Material (the "Stipulation and Order") shall govern the designation and handling of documents, electronically stored information and other data produced in response to requests or subpoenas or voluntarily provided, including, without limitation, deposition testimony, deposition exhibits, answers to interrogatories, responses to requests to admit and other written, electronic, recorded or graphic matter produced by or obtained from any party or non-party ("Disclosing Party") in connection with the above-captioned litigation (the "Litigation") (such information hereinafter referred to as "Discovery Material").

    1.    Except as contemplated by paragraph 2(e), Counsel for a Disclosing Party shall make reasonable efforts to designate as "Confidential" only Discovery Material that counsel believes in good faith contains "a trade secret or other confidential research, development or commercial information," or other material contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), or personal data regarding individuals (or information derived therefrom, including

materials disclosing, summarizing, describing, characterizing or otherwise referring thereto) and shall not include any information which is or becomes publicly available, or was discovered independently by the Receiving Party (as defined herein) ("Confidential Discovery Material").

    2.    For purposes of this Stipulation and Order:

        a.    Information considered to be Confidential Discovery Material includes, inter alia, all non-public materials containing information related to: trade secrets, proprietary technical information, tax data, personnel information, business information, financial or business plans and strategies, projections or analyses, proposed strategic transactions or other business combinations, studies or analyses by internal or outside experts, competitive analyses, or other sensitive or proprietary information that constitutes "a trade secret or other confidential research, development or commercial information," or other material contemplated by Federal Rule of Civil Procedure 26(c)(1)(U), or personal data regarding individuals.

        b.    b.    Except as contemplated by paragraph 2(e), the designation by any Disclosing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party or a supervised designee and that there is a good faith basis for such designation.

        c.    Any Disclosing Party also may apply, upon short notice, for an Order to supplement the foregoing categories of Confidential Discovery Material to create a new category that would restrict access to the attorneys in the

      Litigation only, or to designate particular documents not within the foregoing categories as Confidential Discovery Material.

  d. Information considered to be Confidential Discovery Material includes any other category of information hereinafter given confidential status by the Court.

  e. To facilitate production, the parties may agree that certain Discovery Material may be designated as Confidential Discovery Material without any attorney review. The Receiving Party may object to the designation of any particular Discovery Material as Confidential Discovery Material pursuant to the procedure defined in paragraph 9.

3. Any person or entity who receives Confidential Discovery Material shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents. Confidential Discovery Material produced or disclosed in this Litigation shall be used solely for the prosecution or defense of this Litigation (including an appeal therefrom) and not for any other purpose, including, without limitation, any other litigation or any business or commercial purpose.

4. Subject to the foregoing, the designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Disclosing Party:

  a. In the case of documents or other materials (apart from depositions or other pretrial testimony) a Disclosing Party may designate information as Confidential Discovery Material by marking or stamping documents (or the first page of a multi-page document provided that the document is

bound), other information, or electronic media as "Confidential," <u>provided</u> that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Disclosing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order on and after the date of its designation.

b. In the case of documents produced in native file form, or in any other medium that cannot be designated as set forth in subparagraph (a) above, by designating such materials in writing and by affixing a confidentiality designation on the medium containing such documents, <u>provided</u> that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Disclosing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order on and after the date of its designation. Recipients shall treat print-outs or electronic copies of any computer data from electronic media designated as "Confidential" as Confidential Discovery Material in accordance with the terms of this Stipulation and Order.

c. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter to affix the appropriate

confidentiality legend to the first page and the confidential portions of the original and all copies of the transcript containing any Confidential Discovery Material. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 6 below until the relevant period for the designation has expired. Only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, including through agreement on the record at such deposition (or thereafter in writing), without further order of the Court.

Failure to designate Discovery Material as Confidential Discovery Material as provided above at the time of production shall not constitute a waiver of such claim and may be remedied if the Disclosing Party provides a supplemental written notice. Upon receiving such supplemental notice the party receiving Confidential Discovery Material ("Receiving Party") shall thereafter treat the designated Discovery Material as Confidential Discovery Material from the date of such notification forward.

5. Any party (hereinafter "Designating Party") may designate any Discovery Material produced by a non-party to the Litigation as Confidential Discovery Material by providing written notice, within twenty (20) business days from the date of production (or, if production is not made simultaneously to all parties, from the date copies of the production are provided to the party seeking to designate the material as "Confidential"), to counsel of record for the parties (and to counsel of record, if any, for the non-party who produced such Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the

DB1/65203252.2

Discovery Material to be designated as "Confidential" and treated as Confidential Discovery Material. The parties and their counsel shall not permit Discovery Material produced by a non-party to be distributed to persons beyond those specified in paragraph 6 below until the twenty (20) business day period for designation has expired.

6.  Except with prior written consent of the Disclosing Party or upon prior order of a court of competent jurisdiction, and subject to the limitations set forth in this Stipulation and Order, Confidential Discovery Material may be disclosed only to the following categories of persons and this Stipulation and Order is binding on all such recipients of Confidential Discovery Information:

   a.  Counsel for the parties in the Litigation (including in-house counsel) and employees of such counsel necessary to assist counsel for the parties with respect to the Litigation;

   b.  Officers, directors, partners, principals, or employees of the Defendants or Lead Plaintiffs (represented by the undersigned counsel) in this Litigation (or their insurers, reinsurers, or insurance brokers), who may be necessary to assist their counsel in connection with the Litigation;

   c.  Nonparty experts or consultants retained in good faith to assist counsel for the parties with respect to the Litigation;

   d.  Any witness or deponent (or person counsel for a party believes in good faith may be called to testify at trial or in deposition in this Litigation)---- other than witnesses and deponents covered by subparagraph (b) above and their counsel during the course of or, to the extent necessary in preparation for depositions or testimony in this Litigation, and court

DB1/65203252.2

reporters, stenographers, or video operators at depositions or court proceedings at which Confidential Discovery Material is disclosed, provided that such persons are first informed that the documents are confidential pursuant to the terms of this Stipulation and Order, which has been entered as an order of the Court, and may not be disclosed other than pursuant to the terms hereof;

e. Clerical and litigation support personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Discovery Material, to the extent reasonably necessary to assist the persons identified in subparagraph 6(a) with respect to the Litigation; and

f. The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

7. Counsel or persons in a managerial position shall take appropriate steps to ensure that persons identified in subparagraphs 6(a), 6(b), 6(c) or 6(e) within their supervision or control will maintain Confidential Discovery Material strictly in accordance with this Stipulation and Order. Confidential Discovery Material may be provided to persons listed in Paragraph 6(c) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, <u>provided</u> that such expert or consultant shall use said Confidential Discovery Material solely in connection with this Litigation and not for any other purpose. Any person identified in subparagraph 6(c) to whom disclosure is made must agree to be bound by the terms stated in this Stipulation and Order by executing a confidentiality agreement substantially in the form of Exhibit A hereto.

Original copies of these signed confidentiality agreements shall be obtained and retained by counsel of record for the party who was responsible for permitting access to the Confidential Discovery Material. Said counsel shall retain each signed confidentiality agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or by Court Order.

8. Every person given access to Confidential Discovery Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

9. If a party objects to a Disclosing or Designating Party's designation of any Discovery Material as Confidential Discovery Material or seeks to use such materials other than as permitted by this Stipulation and Order, the party shall so state by letter to counsel for the Disclosing or Designating Party. The Disclosing or Designating Party and the objecting party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Stipulation and Order. In the event that the parties are unable to resolve any dispute concerning treatment of information as Confidential Discovery Material the objecting party may consistent with the Court's Individual Practices and Local Rule 37.2, may make a motion to the Court on notice to all parties to this Stipulation and Order, to seek an order from the Court directing that such information shall not be treated as Confidential Discovery Material pursuant to this Stipulation and Order. In connection with any such motion, the burden of establishing that Discovery Material shall continue to be treated as Confidential Discovery Material shall be on the Disclosing Party or Designating Party. Pending determination of such motion, any information previously

DB1/65203252.2

designated as Confidential Discovery Material shall continue to be treated in accordance with its original designation.

10. All documents of any nature, including pleadings, declarations, memoranda, briefs, or other papers, constituting, referring to, containing, appending, summarizing or excerpting Confidential Discovery Material which are filed with the Court ~~shall be filed under seal~~. [handwritten insertion: Nothing in any such filing may be under seal after obtaining a Court order to that effect not otherwise.] A redacted version of the filing may be made in the public file, provided that any Confidential Discovery Material or reference thereto is redacted. In connection with any pre-trial motion or other pre-trial proceeding, if any party intends to offer Confidential Discovery Material in open Court, such party will provide reasonable advance notice, in no event less than five (5) court days' notice, of the Confidential Discovery Material to be so used so that the Disclosing Party has the opportunity to request that the Court take steps to prevent public disclosure. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any Confidential Discovery Material to be used in the course of any trial in this Litigation. In the event that any Confidential Discovery Material is filed with the Court or used in any Court proceeding in this Litigation, that Confidential Discovery Material shall keep its status as Confidential Discovery Material for all other purposes.

11. Pursuant to Federal Rule of Evidence 502, including Rule 502(d) and (e) thereof, the production, transmission, or disclosure of any material in this Litigation that might otherwise arguably or actually be subject to a claim of privilege or of protection as attorney work product material ("Privileged Covered Material") shall in no way prejudice, or constitute a waiver (either as to the specific document disclosed or as to other documents or communications concerning the same subject matter) of, or estop a party from asserting, any claim of privilege, work product or other ground for withholding production of that or related
- 9 -

DB1/65203252.2

material in connection with this Litigation or any other proceeding. If Privileged Covered Material has been produced, transmitted, or disclosed in this Litigation, the party making the claim of privilege, work product or other ground for withholding may notify the Receiving Party and state the basis for the claim. Any party making such a claim must act in good faith, including specifically not producing and then demanding return of the document in order to obtain any unfair advantage in this Litigation. After being notified, and irrespective of whether the Receiving Party believes the Disclosing Party is acting in good faith, the Receiving Party (i) must make reasonable and diligent efforts to promptly identify and sequester the Privileged Covered Material, (ii) must cease any further dissemination, review, disclosure and/or use of the Privileged Covered Material, (iii) must make reasonable and diligent efforts to promptly return or destroy the Privileged Covered Material and any copies (paper or electronic) the Receiving Party has of it (including the return or destruction of any electronic storage such as CDs or DVDs that contain Privileged Covered Material) and provide confirmation to the Disclosing Party that the Privileged Covered Material has been returned or destroyed, and (iv) may not use or disclose the Privileged Covered Material, or information gleaned from Privileged Covered Material, in connection with the Litigation or for any other purpose until the claim is resolved; provided, however, the Receiving Party, in connection with any motion to compel production of Privileged Covered Material, may describe the Privileged Covered Material without providing any information regarding the assertedly privileged contents of the document at issue, except to the extent the submission is filed under seal. In response to a motion to compel the production of such Privileged Covered Material, the party with possession, custody or control thereof shall submit a copy of the disputed Privileged Covered Material for the Court's in camera review. In no event shall the production, disclosure, or transmission of the Privileged Covered Material in

this Litigation form the basis for a claim that the material is not privileged. If a Receiving Party disclosed the Privileged Covered Material to another person before being notified, the Receiving Party must make reasonable efforts to retrieve it. This provision is intended to facilitate the production of electronic or paper records in this Litigation. No party, by virtue of agreeing to this paragraph, is assuming any obligation, or in any way undertaking, to produce privileged matter, and no party is agreeing to waive any privilege, claim or defense in this Litigation. By this paragraph, no party is waiving or prejudicing any claim in this Litigation: (a) that documents or other information are or are not privileged (on grounds other than the fact that it was produced in this case pursuant to this Stipulation and Order); (b) as to whether Plaintiffs are or are not entitled to the production of documents or other information under the so-called "*Garner*" doctrine; (c) as to whether Plaintiffs are or are not entitled to the production of documents or other information based on Defendants' injection of an issue or defense in litigation; or (d) as to whether Defendants are or are not precluded from using some privileged information as a "sword" while circumscribing Plaintiffs' discovery of related information based on privilege.

12.  The parties intend, and the Court orders, that this Stipulation and Order bar production of Confidential Discovery Material to non- parties to the maximum extent permitted by law. If any Receiving Party is subpoenaed in another action or proceeding or served with a document or other demand, and such subpoena or document or other demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Receiving Party, the Receiving Party shall (unless prohibited by law) give prompt written notice by hand or facsimile transmission within three (3) business days of receipt of such subpoena or document or other demand (and prior to the production response date pursuant

DB1/65203252.2

to the subpoena or document or other demand), to those who produced or designated the material "Confidential." The responsibility of opposing the enforcement of the subpoena shall fall upon the party who produced or designated the Confidential Discovery Material. The Receiving Party shall be permitted to produce documents responsive to the subpoena only if required by law to do so and only after allowing a reasonable time for the party designating the Confidential Discovery Material to obtain an order directing that the subpoena or document or other demand not be complied with. This Order is a Court Order prohibiting the disclosure of Confidential Discovery Material to third parties other than as set forth herein.

13. Entering into, agreeing to, producing or receiving Confidential Discovery Material pursuant to and/or otherwise complying with the terms of this Stipulation and Order shall not:

   a. Operate as an admission by any party that any particular Confidential Discovery Material does or does not contain or reflect trade secrets or any other type of confidential information;

   b. Prejudice in any way the rights of the parties to object to the production of documents or information they consider not subject to discovery;

   c. Operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material, or prejudice in any way the rights of a party to petition the Court for a further protective order relating to any information or material. The parties reserve the right to apply upon short notice for an Order seeking additional safeguards with respect to the

use and handling of Discovery Material. Among other things, if Discovery Material is sought that contains information or material that is governed by the Gramm-Leach-Bliley Act's prohibition on the production of nonpublic client information, the parties will agree to a supplemental Order to address that information at that time.

d. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

e. Prejudice in any way the rights of any party to seek a determination by the Court whether any document or other Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

f. Prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document or other Discovery Material; and/or

g. Prejudice in any way the right of a party to offer documents into evidence subject to appropriate means to preserve the confidentiality of such Confidential Discovery Material, as determined by the Court.

14. This Stipulation and Order has no effect upon, and shall not apply to, a party's (or non-party's) use or disclosure of its own Confidential Discovery Material for any purpose. Nothing contained in this Stipulation and Order shall prevent a party (or non-party) from disclosing Confidential Discovery Material to officers, directors or employees of, or to experts, consultants, or witnesses for, the party (or non-party) that produced the Confidential Discovery

DB1/65203252.2

Material. In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that are in the public domain other than as a result of a violation of this Stipulation and Order.

15. Nothing herein shall prevent or prejudice a Disclosing Party from seeking additional or greater protection with respect to the use or disclosure of Confidential Discovery Material in connection with any hearing or other proceeding in this Litigation or otherwise. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Stipulation and Order, subject to the approval of the Court.

16. Subject to Paragraph 4(c) above, this Stipulation and Order may be modified only by a separate writing executed by all of the parties and ordered by the Court. The parties hereto are entitled to seek modification, cancellation, or expansion of this Stipulation and Order by application to the Court and on notice to the other parties hereto. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, and no single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise of any right, power or privilege.

17. The provisions of this Stipulation and Order shall, absent written permission of the Disclosing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation.

18. After the final resolution of the Litigation, through either judgment and appeals (if applicable) or settlement, a Receiving Party shall make commercially reasonable efforts either to return to the Disclosing Party or to destroy all Confidential Discovery Material within its control and certify that fact. Counsel for the parties shall be entitled to retain court papers and

attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

19.   Sealed records which have been filed with the Clerk of the Court shall be removed by the party submitting them (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this paragraph shall by notified by the Clerk that, should they fail to remove the sealed records after the time periods set forth herein, the Clerk may dispose of them.

20.   In the event that additional parties have been joined, or in the future join, in this executed and filed with the Court their agreement to be fully bound by this Stipulation and Order. Counsel for parties in actions that are consolidated with this Litigation and counsel for parties in any newly consolidated actions in the future will not have access to Confidential Discovery Material until such parties by their counsel have executed and filed with the Court their agreement to be fully bound by this Stipulation and Order.

21.   The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms in the interim shall be subject to the sanctions and penalties as the Court, upon application, may determine. This Stipulation and Order shall govern all Discovery Material provided in connection with this Litigation,

irrespective of whether it was provided before, contemporaneously or after entry into this Stipulation and Order.

22. This Stipulation arid Order may be executed in counterparts. Assent by lead plaintiff(s) will serve to bind all plaintiffs to the maximum extent permitted by law.

23. Each party shall have the responsibility, through counsel, to advise the Disclosing Party of any losses or compromises of the confidentiality of Confidential Discovery Material governed by the Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

24. Any non-party producing Discovery Material in this Litigation may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties.

25. No party shall make reference to drafts of this Stipulation and Order, or additions, deletions or changes made therein or therefrom, in any argument regarding the interpretation of this Stipulation and Order or the intent of the parties concerning any provision of this Stipulation and Order.

Dated: New York, New York
       July 12, 2010


/s/ Caitlin Duffy
SQUITIERI & FEARON, LLP
Stephen J. Fearon, Jr.
Caitlin Duffy
Garry T. Stevens, Jr.
32 East 57th Street, 12th Floor
New York, New York 10022

*Attorneys for Plaintiff*


/s/ Jamie M. Kohen
MORGAN, LEWIS & BOCKIUS LLP
Jamie M. Kohen (jk0273)
101 Park Avenue
New York, NY 10178-0060
Phone: (212)309-6343
Fax:   (212)309-6001
Email: jkohen@morganlewis.com

*Attorney for Defendants Ambac Financial Group,*
    *Inc., Ambac Plan Administrative Committee, Sean*
    *T. Leonard, Gregg L. Bienstock, Diana Adams,*
    *Robert Eisman, Timothy Stevens, and Anne Gill Kelly*


**IT IS SO ORDERED.**

Dated: Aug 5, 2010

_____
Honorable Harold Baer
UNITED STATES DISTRICT COURT JUDGE

"Sealed" and "Confidential" documents may be opened upon notice to the parties pursuant to further order of the court.

SO ORDERED:
Hon. Harold Baer, Jr., U.S.D.J.
Date: 8/5/2010

- 17 -

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARTHIKEYAN V. VEERA,<br><br>                      Plaintiff,<br>- against -<br><br>AMBAC FINANCIAL GROUP, INC., et al.,<br><br>                      Defendants. | Civil Action No. 10-cv-4191 (HB) |

## EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER OF CONFIDENTIALITY

1. I certify my understanding that "Discovery Material," including "Confidential Discovery Material," are being provided to me pursuant to the terms and restrictions of the Stipulation And Order Governing The Production And Exchange Of Confidential Material ("Stipulation and Order") entered by the Court in the above matter.

2. I have read the Stipulation and Order and understand its terms.

3. I agree to be fully bound by the Stipulation and Order, and I further agree to take diligent measures to prevent the disclosure of such Confidential Discovery Material to anyone not otherwise authorized by this Stipulation and Order to receive it.

4. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation and Order. I understand that violation of the Stipulation and Order is punishable by contempt of Court, money damages, interim or final injunctive relief and/or such other relief (legal or equitable) that the Court deems appropriate.

DB1/65208035.1

Date: _____

Signature: _____

Name (printed): _____

Title & Company: _____

_____