**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                        :

KARTHIKEYAN V. VEERA,          :
                                       :

                  Plaintiff,     :     Civil Action No. 10-cv-4191 (HB)

    - against -              :

                                   :     **ORAL ARGUMENT REQUESTED**

AMBAC PLAN ADMINISTRATIVE  :
COMMITTEE, et al.,           :
                                 :
                Defendants.   :
_____:

_____

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**
_____

MORGAN LEWIS & BOCKIUS LLP
Gregory C. Braden (admitted pro hac vice)
Christopher A. Weals (admitted pro hac vice)
1111 Pennsylvania Avenue NW
Washington, DC  20004
Phone: (202) 739-3000
Fax:    (202) 739-3001
Email:  gbraden@morganlewis.com
         cweals@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Jamie M. Kohen (jk0273)
101 Park Avenue
New York, NY 10178-0060
Phone: (212) 309-6343
Fax:    (212) 309-6001
Email: jkohen@morganlewis.com

# TABLE OF CONTENTS

**page**

TABLE OF AUTHORITIES ............................................................................................. i

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 3

      A.      Plaintiff Does Not Demonstrate Any Ambiguity In The Plan Language
Mandating Ambac Stock, And He Offers No Other Reason The Court
Should Not Enforce The Plan ................................................................. 3

      B.      Even If The Fiduciaries Could Be Deemed To Have Discretion To
Remove The Stock Fund From The Plan, Plaintiff's Reliance On Pure
Hindsight Cannot Establish An Abuse Of Discretion ............................ 5

      C.      Plaintiff Has Offered The Court No Reason To Conclude That His
Conclusory "Artificial Inflation" Allegations State A Claim. .............. 9

      D.      Plaintiff Has Not, and Can Not, State A Viable Claim for Breach of
Fiduciary Duty Based on Nondisclosure. ............................................ 11

      E.      Even Assuming Discretion To Remove Ambac Stock From The Plan
Existed, Plaintiff Cannot Avoid The Plan Language Assigning Exclusive
Investment Authority To The Investment Committee By Pleading
Conclusory Allegations That Administrative Committee Members Had
Such Responsibility. ............................................................................. 12

      F.      Plaintiff's Failure To Plead The Specific Information The Monitoring
Defendants Failed to Impart Requires Dismissal Of Count II ............. 14

III.    CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

page

*In re American Express Co. ERISA Litig.*, No. 08 Civ. 10834, 2010 WL 4371434 (S.D.N.Y. Nov. 2, 2010) ........................................................................................3, 5

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ..................................................................10, 14

*In re Avon Prods. ERISA Litig.*, No. 05 Civ. 6803 (LAK)(MHD), 2009 WL 848083 (S.D.N.Y. Mar. 3, 2009), *aff'd by district court*, 2009 WL 884687 (S.D.N.Y. Mar. 30, 2009) ...............................................................................6, 11, 14

*Ball v. Memphis Bar-B-Q Co., Inc.*, 228 F.3d 360 (4th Cir. 2000)...................................10

*In re Bank of America Corp. ERISA Litig.*, No. 09 MD 2058 (PKC), 2010 WL 3448197 (S.D.N.Y. Aug. 27, 2010) ................................................................5

*Basic v. Levinson*, 485 U.S. 224 (1988)............................................................................11

*In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-CV-6297, 2008 WL 5234281 (W.D.N.Y. Dec. 12, 2008) .......................................................................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................10, 14

*Brieger v. Tellabs, Inc.*, 629 F. Supp. 2d 848 (N.D. Ill. 2009) .............................................7

*Briscoe v. Preferred Health Plan, Inc.*, 578 F.3d 481 (6th Cir. 2009) .............................13

*Bunch v. W.R. Grace & Co.*, 555 F.3d 1 (1st Cir. 2009) ............................................10, 11

*Chao v. Merino*, 452 F.3d 174 (2d Cir. 2006) ....................................................................8

*Christensen v. Harris Cty.*, 529 U.S. 576 (2000)..............................................................10

*In re Citigroup ERISA Litig.*, No. 07 Civ 9790, 2009 WL 2762708 (S.D.N.Y. Aug. 31, 2009), *appeal docketed*, No. 09-3804-cv (2d Cir. Sept. 9, 2009)..................5

*In re Computer Sciences Corp ERISA Litig.*, 635 F. Supp. 2d 1128 (C.D. Cal. 2009), *aff'd*, Nos. 09-56190, 09-56248, 2010 WL 3784702 (9th Cir. Sept. 30, 2010) ......................................................................................................................8

*Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005) ...............................13

## TABLE OF AUTHORITIES (cont'd)

**page**

*In re Dell, Inc. ERISA Litig.*, 563 F. Supp. 2d 681 (W.D. Tex. 2008)...............................6

*Edgar v. Avaya*, 503 F.3d 340 (3d Cir. 2007)...............................................5, 11

*Fisher v. JPMorgan Chase & Co.*, No. 03 Civ. 3252 (SHS), 2010 WL 1257345
    (S.D.N.Y. Mar. 31, 2010) ..........................................................................6

*Gearren v. McGraw-Hill Cos. Inc.*, Nos. 08 Civ. 7890 (RJS), 09 Civ. 5450,  2010
    WL 532315 (S.D.N.Y. Feb. 10, 2010)...........................................................6

*Halaris v. Viacom, Inc.*, 06-cv-1646-N, 2008 WL 3855044 (N.D. Tex. Aug. 19,
    2008) ......................................................................................................6

*Harris v. Amgen, Inc.,* Case No. Cv 07-5442, 2010 WL 744123 (C.D. Cal. Mar.
    2, 2010) ...................................................................................................14

*Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007) ..............................................10

*Herrera v. Wyeth*, Case No. 08-Civ.-4688, 2010 WL 1028163 (S.D.N.Y. Mar. 17,
    2010) ......................................................................................................6

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999) ................................................4

*Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995) ...................................................7

*Keys v. Barnhart*, 347 F.3d 990 (7th Cir. 2003) ...................................................10

*Kirschbaum v. Reliance Energy Inc.*, 526 F.3d 243 (5th Cir. 2008) .........................5, 6, 13

*Landgraff v. Columbia Healthcare Corp.*, No. 3-98-0090, 2000 U.S. Dist. LEXIS
    21831 (M.D. Tenn. May 24, 2000)................................................................7

*In re Lehman Bros. Secs. & ERISA Litig.*, 683 F. Supp. 2d 294 (S.D.N.Y. 2010)........6, 14

*Metzler v. Graham*, 112 F.3d 207 (5th Cir. 1997) ................................................8

*Moench v. Robertson* , 62 F.3d 553 (3d Cir. 1995)  ...........................................6

*Pegram v. Herdrich*, 530 U.S. 211 (2000).....................................................13

*Quan v. Computer Sciences Corp.*, Nos. 09-56190, 09-56248, 2010 WL 3784702
    (9th Cir. Sept. 30, 2010)...........................................................................6

## TABLE OF AUTHORITIES (cont'd)

**page**

*In re RadioShack Corp. ERISA Litig.*, 547 F. Supp. 2d 606 (N.D. Tex. 2008) ..................6

*In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646 (S.D. Tex. 2004) ......................12

*In re SLM Corp. ERISA Litig.*, 2010 WL 3910566 (S.D.N.Y. Sept. 24, 2010) ...............5, 9

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d
    196 (2d Cir. 2008)............................................................................................11

*In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003) .............................15

*Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090 (9th Cir. 2004) ............................6

*In re YRC Worldwide, Inc., ERISA Litig.*, No. 09-2593-JWL, 2010 WL 4386903
    (D. Kan. Oct. 29, 2010) ...............................................................................12

## FEDERAL STATUTES and REGULATIONS

ERISA § 404(a)(1)(B)........................................................................................8

ERISA § 404(a)(2)...........................................................................................10

ERISA § 407(d)(6)(A) ......................................................................................4

ERISA § 514(d) ..............................................................................................12

## I.     INTRODUCTION

This ERISA "stock drop" case follows the same script as the scores of "stock drop" cases that preceded it:  Plaintiff complains that Defendants should have seen the decline in the stock price coming and overridden his own decision to invest his Plan account in Ambac stock. Plaintiff contends that Defendants are liable under ERISA for the consequences of Ambac's move into the "risky" insurance market for asset backed securities and away from its "conservative" practice of ensuring "safe" municipal bonds.  Putting aside both the extensively disclosed fact that Ambac has insured asset backed securities for almost 20 years and the sorry state of the municipal bond markets, it was obvious to any investor (especially a current or former Ambac employee) that Ambac's fortunes were tethered to the credit markets.  So when the credit markets crashed – stunning economists, investors, and lenders worldwide – not surprisingly, Ambac stock suffered as well.  But that stock drop does not give Plaintiff a remedy under ERISA.  His remedy, if he can prove any wrong occurred, would arise available under federal corporate or securities laws and he is already derivatively asserting such claims.  This is why no ERISA "stock drop" plaintiff has won a final adjudication on the merits.

This ERISA stock drop case is particularly weak because to state a claim that Ambac stock became an imprudent investment *on* October 1, 2006, Plaintiff has chosen to rely exclusively on events that occurred *after* October 1, 2006.  This runs squarely afoul of ERISA's strict prohibition against using hindsight to judge the conduct of ERISA fiduciaries, a prohibition Plaintiff asks the Court to ignore in his Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Opposition", Dkt. #45).  Plaintiff's impermissible use of hindsight also largely moots the parties' debate over the proper pleading standard – imminent collapse or something less – because when the Court considers the circumstances that existed on or before October 1, 2006, Plaintiff fails to state a claim under any pleading standard.  Moreover, the Court

need not and should not even reach the question of pleading standards because the Plan commands that Ambac stock be offered as an investment, denying plan fiduciaries any discretion to do otherwise.  Plaintiff's Opposition utterly fails to support his contention that the Plan is ambiguous on this point.

After dropping the initial Complaint's references to misrepresentation claims in his Amended Complaint, Plaintiff attempts to assert in his Opposition a nondisclosure claim based on an alleged ERISA duty to provide unspecified information about Ambac.  This nondisclosure claim, however, should be dismissed because this alleged duty is found nowhere in the statute, and because Plaintiff has failed to plead what specific information should have been disclosed.

Plaintiff's Opposition points to no allegations in the Amended Complaint establishing that any Defendant exercised control over the Plan's Ambac stock (indeed, he alleges the opposite).  Nevertheless, regardless of whether the Court finds that fiduciaries had discretion over the stock, the claims against the Administrative Committee and the Compensation Committee Defendants should be dismissed because, under the Plan's clear terms, only the Investment Committee can be charged with any responsibility for Plan investments.  Plaintiff's wholly derivative monitoring claim, moreover, fails for the same reason as his Count I prudence claim, and also because his Opposition points to no allegations about what information the Monitoring Defendants were required to impart to their appointees.

Finally, the Opposition relies largely on cases decided before *Twombly* and *Iqbal,* cases that applied far more liberal (and now overruled) pleading standards and that have no persuasive value.  As a matter of fact and law the substantial weight of authority holds that Plaintiff has failed to state a claim.  Accordingly, the Court should dismiss the Amended Complaint in its entirety with prejudice.

## II.     ARGUMENT

### A.     Plaintiff Does Not Demonstrate Any Ambiguity In The Plan Language Mandating Ambac Stock, And He Offers No Other Reason The Court Should Not Enforce The Plan.

Plaintiff acknowledges that the Plan included the directive that "the Ambac Financial Group, Inc. Stock Fund shall be an Investment Fund," but contends that such language should be disregarded as "convoluted" and "ambiguous."  (Opp. at 15-17).  But Plaintiff fails to explain (nor could he) where ambiguity exists in this literal command that the Ambac Stock Fund be part of the Plan.  Contrary to Plaintiff's suggestion, Defendants do not ask that the "Court defer to Defendants' interpretation of the Plan documents" (*id.* at 16); rather, Defendants simply ask that the Court enforce the literal *unambiguous* terms of the Plan, which deny any Defendant discretion to remove the Ambac stock.  Moreover, since the filing of Defendants' Motion, Judge Koeltl has issued yet another decision dismissing identical claims where, like here, the plan document denies fiduciary discretion over employer securities.  *In re American Express Co. ERISA Litig.,* No. 08 Civ. 10834, 2010 WL 4371434, at *4, *9 (S.D.N.Y. Nov. 2, 2010) (Plan language stating the ""Trust Fund shall consist in part of the Company Stock Fund." …do not grant the defendants any discretion with regard to whether the Plan will offer a Company Stock Fund").

Plaintiff's remaining arguments are equally unsupported.  Plaintiff misconstrues Plan Section 5.1(d), which is titled "Limitation of Trades", as allowing Defendants to eliminate Ambac Stock if "necessary to protect the interest" of plan participants.  The express terms of this provision, however, only authorize the Plan administrator to act as necessary to prevent participants from "day trading" in Ambac Stock.  Nothing in Section 5.1(d), permits the elimination of the Ambac Stock Fund and Plaintiff has pointed to no such language.

3

Plaintiff's argument concerning Section 2.1 of the Trust Agreement is, at best, an equal stretch.[1]  (Opp. at 15-16).  The Trust Agreement is between Ambac and Vanguard, neither of which is a Defendant is this action, so its relevance is suspect.  Moreover, the Agreement simply divides various responsibilities between the two parties to it – the "Employer" and "Vanguard" – with Section 2.1 making it clear that Vanguard has no responsibility for selecting the Plan investment options.  While Section 2.1 allocates general responsibility for selecting investment options to the "Employer", the specific means of doing so are left to the "Employer", which here chose to select Ambac stock by mandating it in the Plan.  Plaintiff's contention that the Trust Agreement requires the selection to comport with fiduciary duties gets them nowhere since, if it applies at all, it would only apply to the *selection* of Ambac stock by virtue of the Plan's design, something that plainly complies with Congressional intent.  *See* ERISA § 407(d)(6)(A) (authorizing employee stock ownership plans "designed to invest primarily in employer securities").

Plaintiff's argument that, because the plan was *amended* to add the Ambac Stock Fund, the fiduciaries have discretion to remove it, (Opp. at 16), disproves itself by *de facto* conceding that a Plan *amendment* would be required to remove it, and Plan amendments are not fiduciary acts.  *See, e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999) (activities related to the formation and design rather than management of the plans are settlor functions); Mot. at 12.  Similarly, as set forth in Defendants' Motion at page 15, footnote 13, Plaintiff's contention that the Plan language requiring that Ambac Stock "shall be an Investment Fund" did not appear until

---

1       Plaintiff did not attach a copy of The Trust Agreement to his Opposition and it is not otherwise currently in the Court record.  Plaintiff attached the copy of The Trust Agreement to the Amended Complaint they served on Defendants on September 7, 2010; however, that Amended Complaint has not been docketed in this case.

2008 is simply wrong because this language was part of the Plan as "Amended and Restated as of January 1, 2006". Plaintiff's distortions of the caselaw they cite speak for themselves.[2]

Finally, as for Plaintiff's "policy" argument that Defendants are trying to shirk their ERISA responsibilities through plan drafting, (Opp. at 14-15), Judge Stein recently dismissed a similar argument:

> A provision in an EIAP or an ESOP requiring that employer stock be offered as an investment option is patently in line with Congress's goal of encouraging employee stock ownership. It would "thwart" that goal to hold a fiduciary liable for adhering to such a plan provision.

*In re Citigroup ERISA Litig.*, No. 07 Civ 9790, 2009 WL 2762708, at *11 (S.D.N.Y. Aug. 31, 2009), *appeal docketed*, No. 09-3804-cv (2d Cir. Sept. 9, 2009) ("*Citigroup*"). Because the Plan plainly required the offering of Ambac Stock as an investment and that mandate was consistent with ERISA, Count I must be dismissed.

### B. Even If The Fiduciaries Could Be Deemed To Have Discretion To Remove The Stock Fund From The Plan, Plaintiff's Reliance On Pure Hindsight Cannot Establish An Abuse Of Discretion.

Plaintiff's passing argument that the presumption of prudence is inconsistent with the statute and is an "evidentiary presumption" is contrary to the overwhelming weight of authority in and outside this District. *Id.* at *16.[3]

---

2    Most significantly, Plaintiff misstates the holding of *Kirschbaum v. Reliance Energy Inc.*, 526 F.3d 243 (5th Cir. 2008). Far from "rejecting the notion of fiduciary immunity," the Fifth Circuit ruled that the defendant fiduciaries did not have discretionary authority under the plan to remove the stock because it was "hard-wired" into the plan and therefore would require a plan amendment to remove, which amendment would be "[e]xcluded from fiduciary responsibilities." Id. at 250-51. *See also Edgar v. Avaya*, 503 F.3d 340, 346-47 (3d Cir. 2007) ("if the trust 'requires' the trustee to invest in a particular stock, then the trustee is 'immune from judicial inquiry.'").

3    *E.g., In re American Express Co. ERISA Litig.* (dismissing prudence claim on the pleadings); *In re SLM Corp. ERISA Litig.*, 2010 WL 3910566, at *8 (S.D.N.Y. Sept. 24, 2010); *In re Bank of America Corp. ERISA Litig.*, No. 09 MD 2058 (PKC), 2010 WL 3448197

Next, Plaintiff quibbles with the practical application of the abuse of discretion standard of review mandated by the presumption of prudence, contending that the Complaint need not plead "imminent collapse". This ignores the decision that authored the presumption, *Moench v. Robertson*, which held that the strength of the presumption (and the level of deference given the fiduciary's conduct) depends on the strength of the plan language requiring investment in employer securities. 62 F.3d 553, 571 (3d Cir. 1995). *See also Quan v. Computer Sciences Corp.*, Nos. 09-56190, 09-56248, 2010 WL 3784702, at *9 (9th Cir. Sept. 30, 2010) ("A guiding principle, however, is that the burden to rebut the presumption varies directly with the strength of the plan's requirement that fiduciaries invest in employer stock."); *Kirschbaum*, 526 F.3d at 255 ("a plan participant would bear an even heavier burden of showing a fiduciary duty breach where a plan utterly compelled investment in company stock"). Where, as here, the Plan *requires* that Ambac Stock be offered, the highest level of deference applies and, consequently, the heaviest pleading burden is imposed on Plaintiff.

---

(S.D.N.Y. Aug. 27, 2010); *Herrera v. Wyeth*, Case No. 08-Civ.-4688, 2010 WL 1028163 (S.D.N.Y. Mar. 17, 2010) (same); *Gearren v. McGraw-Hill Cos. Inc.*, Nos. 08 Civ. 7890 (RJS), 09 Civ. 5450 (RJS), 2010 WL 532315, at *13 (S.D.N.Y. Feb. 10, 2010) (same); *In re Lehman Bros. Secs. & ERISA Litig.*, 683 F. Supp. 2d 294 (S.D.N.Y. 2010) (same); *Fisher v. JPMorgan Chase & Co.*, No. 03 Civ. 3252 (SHS), 2010 WL 1257345, at *8 (S.D.N.Y. Mar. 31, 2010) (same); *In re Avon Prods. ERISA Litig.*, No. 05 Civ. 6803 (LAK)(MHD), 2009 WL 848083, at *10 (S.D.N.Y. Mar. 3, 2009), *aff'd by district court*, 2009 WL 884687 (S.D.N.Y. Mar. 30, 2009) ("[T]he Rule 12(b)(6) 'plausibility' standard would be undercut by sustaining a complaint that does not suggest a basis for overcoming the statutorily-based presumption..."); *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-CV-6297, 2008 WL 5234281, at *54 (W.D.N.Y. Dec. 12, 2008) (same). *E.g., Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1098 (9th Cir. 2004) ("Plaintiffs' alleged facts effectively preclude a claim under *Moench*, eliminating the need for further discovery."); *In re Dell, Inc. ERISA Litig.*, 563 F. Supp. 2d 681, 692 (W.D. Tex. 2008) ("The Court must therefore determine at the motion to dismiss stage whether the Plaintiffs have pled facts which, taken as true, could overcome the *Moench* presumption"); *Halaris v. Viacom, Inc.*, 06-cv-1646-N, 2008 WL 3855044 *2 (N.D. Tex. Aug. 19, 2008) ("Plaintiffs' pleadings . . . failed to overcome the *Moench* presumption"); *In re RadioShack Corp. ERISA Litig.*, 547 F. Supp. 2d 606, 614 (N.D. Tex. 2008) (applying presumption on a 12(b)(6) motion).

While Defendants do not believe that the pleading standard applicable to Plaintiff's Complaint is debatable, the Court need not decide this issue to grant Defendants' Motion.  The question before the Court is simply whether a hypothetical fiduciary "of an enterprise of a like character and with like aims" would have abused its discretion by failing do what the Complaint alleges should have been done – sell the Plan's Ambac stock and cease further purchases on October 1, 2006.[4]

The Court need only look at pages 22 and 23 of the Opposition to determine that Plaintiff is not relying on any facts that existed *at the time* he claims Defendants had a duty to sell the Ambac Stock; instead he is relying solely on events that occurred after that point.  (*Id.*, citing "late 2009" bankruptcy protection warning; "January 2008" Insurance Commissioner investigation; "January 2008" ratings downgrade; "November 5, 2010" inability to write new business and corresponding stock drop; "March 24, 2010" Wisconsin OCI takeover of insurance subsidiary; November 2010 bankruptcy announcement.; *see also*, Opp. at 5-9, citing events from

---

4        The prudence standard can be met by establishing either "procedural" prudence or "substantive" prudence.  *Brieger v. Tellabs, Inc.*, 629 F. Supp. 2d 848 (N.D. Ill. 2009).  Procedural prudence is established through evidence that the fiduciaries' actions at the time of the alleged breach were prudent under the circumstances regardless of the outcome.  *Id.*  Substantive prudence assumes that the fiduciary did not act in a procedurally prudent manner and examines whether, under the circumstances that existed at the time of the alleged breach, a hypothetical prudent fiduciary would have made a different decision, in this case by selling the Ambac stock.  *Id; see, e.g., Kuper v. Iovenko*, 66 F.3d 1447, 1459-60 (6th Cir. 1995) (finding that an investigation would not have revealed to a reasonable fiduciary that the investment was improvident); *Landgraff v. Columbia Healthcare Corp.*, No. 3-98-0090, 2000 U.S. Dist. LEXIS 21831, at *22 n.13 (M.D. Tenn. May 24, 2000) (defendant fiduciaries' failure to establish procedural prudence did not amount to a breach of fiduciary duty because the investment itself was substantively prudent).  Plaintiff's Complaint alleges that Defendants failed to discharge their duties of procedural prudence by failing to conduct a proper investigation of the propriety of retaining the Ambac stock.  Because these allegations are taken as true for purposes of Defendants' Motion, the question before the Court is simply whether a hypothetical prudent fiduciary of the Plan would have abused its discretion by failing to sell the Plan's Ambac stock and ceasing further purchases on October 1, 2006 based on the facts pled in the Complaint and those judicially noticeable by the Court.

2007 to 2010).  Plaintiff does not cite a *single* fact that existed at the beginning of the class period, aside from Ambac's increased underwriting of insurance on asset backed securities, a publicly disclosed activity that the market embraced by pushing up Ambac's stock price.  (*See* Mot. at 24).

Plaintiff criticizes Defendants for "fixat[ing] on the Plaintiff's class period," but he offers the Court no response to the statutory requirement that Defendants' action be judged *not in hindsight*, but by the conduct of a similarly situated hypothetical fiduciary under the circumstances that existed at the time of the breach.  ERISA § 404(a)(1)(B); *Chao v. Merino*, 452 F. 3d 174, 182 (2d Cir. 2006) ("[A fiduciary's] actions are not to be judged from the vantage point of hindsight"); *Metzler v. Graham*, 112 F.3d 207, 209 (5th Cir. 1997) ("Prudence is evaluated at the time of the investment without the benefit of hindsight."); *In re Computer Sciences Corp ERISA Litig.,* 635 F. Supp. 2d 1128, 1135 (C.D. Cal. 2009) (summary judgment) (dismissing claims that stock became imprudent "no later than the first day of the class period" because plaintiffs "failed to sufficiently explain why Defendants should have known of the alleged lack of controls at this time"), *aff'd*, Nos. 09-56190, 09-56248, 2010 WL 3784702 (9th Cir. Sept. 30, 2010).

In fact, Plaintiff unabashedly instructs the Court to apply hindsight in contravention of these authorities.  (Opp. at 24).  But if hindsight applies, Plaintiff will need to explain the inconsistency in his contention that the Ambac Stock was "imprudent" on October 1, 2006 but *not* imprudent on July 2, 2008 after the end of the class period and after *some* of the events he describes as "catastrophic" had already occurred.  Indeed, at the end of the class period, assets remaining in the Plan would have to be reinvested in Ambac Stock since the Plan required it and, according to the Complaint, it was no longer "imprudent", which simply illustrates the

disingenuous lack of logic to Plaintiff's position.  Judge Pauley recently noted similar conduct by Plaintiff's counsel in *In re SLM Corp.,* where the Court observed, "the Complaint tacks an additional fifteen months onto the Class Period without adding any substantive allegations relating to that interval. . . .  This suggests opportunistic rummaging by Plaintiffs for the purpose of increasing the percentage decline."  2010 WL 3910566, at *8.

Finally, Plaintiff's plea that "the financial crisis does not excuse Defendants' breaches of fiduciary duty" (Opp. at 24) also misses the point, which as noted above, is whether a hypothetical fiduciary would have predicted the financial market collapse on October 1, 2006. Tellingly, Plaintiff does not dispute any of the judicially noticeable public pronouncements by leading economic experts set forth in Defendants' Motion that establish the unforseeability in October, 2006 of the subsequent market collapse.  (*See* Mot. at 3, 11-12).  Instead, Plaintiff asks the Court not to consider them without offering any reason why the Court should not do so.

In sum, Plaintiff does not (and cannot) dispute any of the judicially noticeable facts set forth in Defendants' Motion and the lack of factual allegations in his Complaint, both establishing that under any standard of review a hypothetical prudent Plan fiduciary would not have sold off the Ambac Stock on October 1, 2006 or, for that matter, at any time thereafter during the class period.

### C.     Plaintiff Has Offered The Court No Reason To Conclude That His Conclusory "Artificial Inflation" Allegations State A Claim.

Plaintiff's argument is that the mere existence of "artificial inflation" triggers an ERISA duty to sell employer securities; therefore he has stated a claim by simply alleging it.  Putting aside the weight of authority to the contrary, any fair reading of the Complaint establishes that even if "artificial inflation" existed, it was not the cause of the price drop in Ambac Stock. Rather, the cause was the unprecedented level of defaults on securities that Ambac insured,

which was brought on by the global financial collapse.  In any event, the Complaint's conclusory allegations that the fiduciaries "must have known" that the stock was "artificially inflated" because it subsequently fell in price do not pass muster under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  (Mot. at 26).  The Opposition offers no support to the contrary.  Indeed*,* the few cases cited by Plaintiff for the proposition that a mere allegation of artificial inflation is sufficient to state a claim applied the liberal pleading standards that existed before *Twombly* and *Iqbal* and are, therefore, no longer persuasive.  The recent authority is decidedly to the contrary.  (Mot. at 26).

Perhaps this is why Plaintiff leads with "authority" consisting of a US Department of Labor ("DOL") *amicus* brief advocating a position rejected by virtually every court that has considered it.[5]  But the DOL's *post hoc* litigating positions are not entitled to deference in this Court.[6]

Plaintiff also offers no solution to the conundrum created by his allegation that the Defendants should have sold the Ambac Stock based on inside information in violation of federal securities law.  *See Harzewski v. Guidant Corp.*, 489 F.3d 799, 808 (7th Cir. 2007) ("the fiduciary's duty of loyalty does not extend to violating the law" by selling "on the basis of inside knowledge of the company's problems."); (*see* Mot. at 26-28).

Finally, Plaintiff's citation to *Bunch v. W.R. Grace & Co.,* 555 F3d. 1 (1st Cir. 2009) is puzzling at best.  In *Bunch*, the plaintiffs sued an ERISA fiduciary for doing exactly what the Plaintiff here contends that Defendants should have done (i.e. selling employer stock).  The

---

5      The DOL argues, among other things, that decisions of plan fiduciaries pertaining to employer securities are not entitled to any deference, a position that would read ERISA §404 (a)(2) out of the statute.  DOL *Citigroup Amicus Brief*.

6      *See Ball v. Memphis Bar-B-Q Co., Inc.*, 228 F.3d 360, 365 (4th Cir. 2000) (citing *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000)); *Keys v. Barnhart*, 347 F.3d 990, 993-994 (7th Cir. 2003).

*Bunch* plaintiffs argued that the court should presume the sale was imprudent (apparently because the courts have held that decisions *not* to sell are entitled to a presumption of prudence) and that the fiduciaries should not have attempted to second-guess the "efficient market" by selling the employer stock.  Not surprisingly, the First Circuit rejected both arguments, holding that to accept them would require the application of impermissible hindsight –  exactly what Plaintiff seeks in this case.  *Id.* at 10.  Here, the question is not whether the efficient market should preclude a fiduciary from second-guessing the market and selling employer stock, it is whether announcement of the alleged "artificial inflation" would cause a price adjustment in the Ambac stock that would prevent Defendants from avoiding losses by selling the stock.[7]  Thus, the First Circuit's decision actually supports Defendants on the merits.  In sum, allegations of artificial inflation in the Ambac Stock do not, as a matter of law, establish an abuse of discretion and Count I should be dismissed.

> **D.** **Plaintiff Has Not, and Can Not, State A Viable Claim for Breach of Fiduciary Duty Based on Nondisclosure.**

After Defendants' original Motion to Dismiss explained why such claims were not viable, the Amended Complaint eliminated most of the original Complaint's allegations aimed at pleading a fiduciary misrepresentation claim under ERISA.  Now, Plaintiff's Opposition belatedly attempts to "back door" a nondisclosure claim disguised as a breach of the fiduciary "duty of loyalty" by complaining that Defendants failed to inform participants of the imprudence of investing in company stock.  (Mot. at 29-31; Opp. at 29-30).  Significantly, Plaintiff effectively concedes that he has not asserted any affirmative misrepresentation claim.  (*Id.*)

---

7       *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 200 (2d Cir. 2008) (quoting *Basic v. Levinson*, 485 U.S. 224, 241-42 (1988)); *Edgar*, 503 F.3d at 350 ("the Plans would have sustained the same losses they incurred when the Company publicly announced the quarterly results in April 2005") (citation omitted); *Avon*, 2009 WL 848083, at *15 (same).

Plaintiff offers no defense of his failure to plead what information allegedly should have been disclosed.  The court in *In re YRC Worldwide, Inc., ERISA Litig.*, No. 09-2593-JWL, 2010 WL 4386903, at *4, *16 (D. Kan. Oct. 29, 2010) found such a failure fatal to an identical nondisclosure claim.  This Court should follow this logic and dismiss any "nondisclosure" claim for insufficient pleading.  The question of whether ERISA imposes a duty to disclose financial information about an employer may be decided as a matter of law and the relevant authority favors rejection of such claims, reflecting the statutory command of ERISA § 514(d).  That statute specifically states that ERISA yields to the other federal laws, including the securities laws, which prescribe specific disclosure by Ambac to the public.  There is no such disclosure requirement anywhere in ERISA and to read one into the statute – as Plaintiff proposes – would lead to duplicative and/or inconsistent results.  Accordingly, to the extent the Complaint can be read to assert claims of breach of fiduciary duty for failure to disclose financial information about Ambac, the Court should dismiss them.

> **E.**     **Even Assuming Discretion To Remove Ambac Stock From The Plan Existed, Plaintiff Cannot Avoid The Plan Language Assigning Exclusive Investment Authority To The Investment Committee By Pleading Conclusory Allegations That Administrative Committee Members Had Such Responsibility.**

Plaintiff concedes, as he must, that the Plan document delegates responsibility for Plan investments only to the Investment Committee, but argues that the Complaint's conclusory allegations to the contrary are sufficient to state claims against the Administrative Committee. (Opp. at 31; Mot. at 31).  The Plan document trumps Plaintiff's bare, conclusory allegations.  *In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 667 (S.D. Tex. 2004) ("the Court is not required to take at face value Plaintiff's vague allegations if they are belied by the Plan themselves."); Mot. at 32).

12

Plaintiff also suggests that the Plan's designation of the Plan Administrative Committee members as "Plan fiduciaries" states a Count I prudence claim against them, ignoring entirely the rule that a plaintiff must allege that a defendant exercised discretionary authority "<u>with respect to the particular activity at issue</u>." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005) (internal citation omitted; emphasis added); *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) ("In every case charging breach of ERISA fiduciary duty, then, the threshold question is . . . whether [the defendant] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint"); *Kirschbaum,* 526 F.3d at 251 ("ERISA fiduciary for one purpose is not necessarily a fiduciary for other purposes."); *Briscoe v. Preferred Health Plan, Inc*., 578 F.3d 481, 485-86 (6th Cir. 2009) (third-party administer acquired fiduciary status by exercising control over plan assets, but was liable as a fiduciary only with respect to those assets under its control and not for failing to warn employees the plan was underfunded).  (Mot. at 31).

Plaintiff next contends that Defendants' argument for dismissal of the Administrative Committee "lacks any citation to the Plan itself."  (Opp. at 31).  Plaintiff, however, overlooked the language of Plan § 11.6(a) quoted on page 8 of Defendants' Motion stating that the Investment Committee "has the *exclusive* responsibility and authority to control and manage the assets of the Plan in accordance with the terms of the Plan…."  (emphasis added).[8]

Plaintiff argues that the Court should delay determining whether the Plan Administrative Committee members are proper Count I Defendants until the parties conduct fact-intensive

---

8    Plaintiff's argument that Defendants admitted the Investment Committee are proper fiduciary defendants (Opp. at 31) is a knowing misrepresentation of Defendants' position, which is simply that if the Court determines that any fiduciary has a duty to do anything with the Plan's Ambac stock, it is the Investment Committee, and only the Investment Committee, that would have such a duty.

discovery of their roles as functional or *de facto* fiduciaries.  (Opp. at 30-32).  In support, Plaintiff cites almost exclusively pre-*Twombly* and *Iqbal* cases decided under the more liberal (and now defunct) pleading standards that predated these decisions.  Under current pleading standards, Plaintiff must plead *specific* facts establishing that the Administrative Committee members actually exercised control over Ambac stock in order to establish *de facto* fiduciary status and survive Defendants' Motion.[9]  But the Complaint alleges just the opposite:  that no Defendant exercised any control over the Plan's Ambac stock.  In sum, no basis exists for the Court I and derivative Court II claims against the Plan Administrative Committee Defendants or the other Committees.[10]

### F.    Plaintiff's Failure To Plead The Specific Information The Monitoring Defendants Failed to Impart Requires Dismissal Of Count II.

Plaintiff argues that Count II encompasses both a duty to monitor the performance of other fiduciaries, and an obligation to ensure that other fiduciaries have the requisite information for their roles.  (Opp. at 32-33).  To state a viable claim, however, Plaintiff must allege some specific information concerning Ambac's financial performance that the Monitoring Defendants knew and allegedly withheld from the Prudence Defendants.  Plaintiff does not do this.  Because Plaintiff "do[es] not identify any information that was withheld from any Plan fiduciaries," his claim fails as a matter of law.  *Avon*, 2009 WL 848083, at *10, *16.

---

[9]    *See Lehman Bros.*, 683 F. Supp. 2d at 300 (plaintiffs failed to allege sufficient factual basis to conclude that director defendants were functional fiduciaries); *Harris v. Amgen, Inc.*, Case No. Cv 07-5442, 2010 WL 744123, at *6 (C.D. Cal. Mar. 2, 2010) (same).

[10]    The Court also should dismiss the Plan Committees themselves, which are not proper ERISA Defendants, for the reasons stated in Defendants' Motion.  (*See* Mot. at 35).  Plaintiff's suggestion that if committees were not proper defendants, liability would be avoided altogether by a company that simply designates the committee as the fiduciary, is wrong.  The dismissal of the Committee defendants does not affect claims against any individual Defendants if the Court determines that any of them have fiduciary duties in relation to the Ambac stock.  Second, Plaintiff himself argues at length that fiduciary claims may proceed against these individuals. (Opp. at 31-32).

Finally, contrary to Plaintiff's suggestion, he cannot hold the Monitoring Defendants liable for the actions of the Plan Investment Committee even if the Court finds the Investment Committee had a duty in relation to the Ambac stock, because to do so "would make any supervisor of an ERISA fiduciary also an ERISA fiduciary." *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745, 760-61 (S.D.N.Y. 2003). Accordingly, Count II fails as a matter of law.

## III.   CONCLUSION

For the foregoing reasons, as well as those stated in Defendants' opening brief, Defendants respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice.


Dated: November 15, 2010                    Respectfully submitted,


                                            MORGAN, LEWIS & BOCKIUS LLP

                                            /s/Gregory C Braden
                                            Gregory C. Braden (admitted pro hac vice)
                                            Christopher A. Weals (admitted pro hac vice)
                                            1111 Pennsylvania Avenue NW
                                            Washington, DC  20004
                                            Phone: (202) 739-3000
                                            Fax:    (202) 739-3001
                                            Email:  gbraden@morganlewis.com
                                                    cweals@morganlewis.com

                                            Jamie M. Kohen (jk0273)
                                            101 Park Avenue
                                            New York, NY 10178-0060
                                            Phone: (212)309-6343
                                            Fax:    (212)309-6001
                                            Email:  jkohen@morganlewis.com


                                            *Attorneys for Defendants*

15

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Reply in support of Defendants'

Motion to Dismiss the Amended Complaint has been filed and served by Notice of Electronic

Filing pursuant to Rule 5(b)(2)(E), Federal Rules of Civil Procedure on this 15th day of

November, 2010.

> Stephen J. Fearon, Jr.
> Caitlin Duffy
> Garry T. Stevens, Jr.
> 32 East 57th Street, 12th Floor
> New York, New York 10022
>
> *Attorneys for Plaintiff*

> /s/Gregory C Braden
> Gregory C. Braden

DB1/66029695

-i-