

# SQUITIERI & FEARON, LLP

32 EAST 57TH STREET
12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FAX: (212) 421-6553
www.sfclasslaw.com

**NEW JERSEY OFFICE**
2600 KENNEDY BOULEVARD
SUITE 1K
JERSEY CITY, NEW JERSEY 07306
TEL: (201) 200-0900
FAX: (201) 200-9006

MEMBERS OF THE FIRM
LEE SQUITIERI*
STEPHEN J. FEARON, JR.
*ADMITTED TO N.Y. & N.J. BARS

March 10, 2011

**VIA FACSIMILE**
**(212-805-7901)**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/11
```

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Veera v. Ambac Plan Administrative Committee, et al.,*
      **No. 10 cv 4191-HB**

Dear Judge Baer:

We represent Plaintiff in this action and write to apprise you of a Bankruptcy Court Order staying this action. A copy of the Order is attached.

This is a proposed ERISA class action on behalf of participants in Ambac's retirement plan who lost their retirement savings by investing in Ambac stock through the plan. Plaintiff brings it against the fiduciaries of the retirement plan for violating their ERISA duties and causing losses to the plan and its participants. Your Honor recently denied Defendants' motion to dismiss as well as their subsequent motion to certify an appeal of that Order pursuant to section 1292.

Pursuant to the Court's June 30, 2010 Scheduling Order, Plaintiff has been actively pursuing discovery from Defendants and certain non-parties, including Ambac (which is not named as a defendant). Defendants have maintained, however, that much of the discovery that Plaintiff seeks is in Ambac's possession and that a third-party subpoena to the Company was required.

Ambac has filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. In an effort to obtain discovery from Ambac, Plaintiff filed a motion in Bankruptcy Court seeking permission to serve a subpoena on Ambac. After Plaintiff filed his motion, Ambac objected to Plaintiff's motion and filed an adversary proceeding in

## SQUITIERI & FEARON, LLP

The Honorable Harold Baer, Jr.
March 10, 2011
Page 2 of 3

Bankruptcy Court to stay this case and all related discovery pursuant to 28 U.S.C. §§ 105(a) and 362. Plaintiff vigorously opposed Debtor's motion.

On March 4, 2011, however, the Honorable Shelly C. Chapman of Bankruptcy Court ruled in favor of Ambac, applying the § 362 automatic stay against Mr. Veera and this action. After extending the automatic stay, Judge Chapman permitted Mr. Veera to obtain very limited discovery from Ambac. The stay is effective until July 7, 2011, which is the current deadline for Ambac to propose a plan of reorganization in its bankruptcy proceeding. Judge Chapman's Order requires Mr. Veera and Ambac to submit additional briefing in July in order to address whether the stay will continue.

We are well-aware of Your Honor's Order setting a schedule in this case. Unfortunately, the Bankruptcy Court's recent Order staying this case temporarily prevents Plaintiff from pursuing these claims and will prevent us from meeting this Court's deadlines, including the June 30, 2011 deadline for fact discovery.

Given the stay, we respectfully suggest that it makes sense to set a scheduling conference after the July, 2011 Omnibus Hearing in the Bankruptcy Court when the parties will have a better understanding of whether Plaintiff will be able to proceed with discovery from Ambac, the Defendants and non-parties. We think that it is premature to set a new schedule in this case until we appear again before the Bankruptcy Court and have a better understanding about whether Judge Chapman will lift the stay in July.

We also are aware that Defendants may separately suggest that Your Honor set a revised schedule now that would key new case deadlines into the date that the Bankruptcy Court lifts the stay. We think the better course is to set new, realistic deadlines once we know that the Bankruptcy Court will lift the stay and once we have a better understanding of when Ambac will be able to produce the information that we need. That will help all parties and the Court set realistic deadlines so that we may get this case to trial promptly. We also think that some of Defendants' proposed dates are too long (such as an additional eight months for fact discovery when only three months of discovery was left before the Bankruptcy Court issued the stay).

# SQUITIERI & FEARON, LLP

The Honorable Harold Baer, Jr.
March 10, 2011
Page 3 of 3

We have copied Defendants' counsel on this letter.

Respectfully submitted,

SQUITIERI & FEARON, LLP

By: _____
Stephen J. Fearon, Jr.
Caitlin Duffy
Garry T. Stevens, Jr.

cc: Defendants' counsel of record
By E-Mail

*[Handwritten note by Judge:]* The likelihood of 8 months more of discovery indeed the whole discussion will await the Bankruptcy Court stay + whether its lifted — let's hope an early to August PTC mid-summer [illegible] Trial concerned to determine where we may go from here — August 4 at 2:15 PM.

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
Date: 3/10/11

Endorsement:

The likelihood of 8 months more of discovery indeed the whole discovery discussion will await the Bankruptcy Court stay and whether its lifted let's hope an early August pre trial conference will provide enough time for all concerned to determine where we may go from here - August 4 at 2:15 P.M.